UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Muhammed Arkey LaSane**, | C/A No.  6:07-244-RBH-WMC |
| Plaintiff, | |
| vs. | **Report and Recommendation for partial summary dismissal** |
| **A. Lane Cribb**, Sheriff of Georgetown County; and **Thomas Edwards**, Georgetown County Administrator, | |
| Defendants. | |

## Introduction

The plaintiff, Muhammed Arkey LaSane, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is a detainee at the Georgetown County Detention Center, and he files this action without prepayment of fees pursuant to 28 U.S.C. § 1915. The complaint names as defendants the Georgetown County Sheriff and Administrator.[2] Plaintiff claims that his Fourteenth Amendment rights were violated because he was deliberately denied a basic human need, tolerable air temperature. Pursuant to 28 U.S.C. § 1915A, defendant Edwards should be dismissed prior to service of process for failure to state a claim against him.

---

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

**Review Pursuant to the Prison Litigation Reform Act (PLRA)**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Section 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995). Furthermore, this Court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss any portion of the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, a portion of the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## Discussion

The plaintiff alleges that on or about July 14, 2006, the air conditioning was broken for several days at the Georgetown County Detention Center. He alleges that he was forced to enter "lock down" in his cell with a roommate and that the cell had only a food flap opening for ventilation. He alleges that he notified the Sheriff that he needed more air or he would pass out. He then alleges that he did in fact pass out and that his roommate later told him that the plaintiff stopped breathing. Liberally construed, the plaintiff detainee

brings this lawsuit seeking money damages for violation of the Fourteenth Amendment because he was deliberately denied a basic human need, tolerable air temperature.

The plaintiff sued Thomas Edwards, the Georgetown County Administrator, but no facts are alleged against him. The plaintiff appears to sue Edwards only in his supervisory capacity; however, liability cannot be imposed on defendant Edwards on the basis of actions taken by other officials or employees at the Georgetown County Detention Center. It is well-settled that the doctrine of vicarious liability and the doctrine of respondeat superior are not applicable in § 1983 actions. Vinnedge v. Gibbs, 550 F.2d 926, 927-929 (4th Cir. 1977); See Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a respondeat superior theory of liability.") (citing Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978)). Section 1983 liability on the part of a supervisory defendant requires a showing that the supervisory defendant tacitly authorized or was indifferent to the prison official's actions which violate constitutional rights. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990); Wynn v. Mundo, 367 F.Supp.2d 832, 837 (M.D.N.C. 2005) (for an individual to be liable under § 1983, "it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights."), aff'd, 142 Fed.Appx. 193 (4th Cir. 2005). Because the plaintiff failed to allege any facts to suggest that Edwards authorized the lock down and failed to authorize the air conditioning repair, or that he was indifferent to anything, the plaintiff failed to state a claim against defendant Edwards.

## Recommendation

Accordingly, it is recommended that the District Court summarily dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service

of process as to Defendant Edwards only. Process shall issue for service of the remaining defendant. See Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Brown v. Briscoe, 998 F.2d 201, 202-04 & n.* (4th Cir. 1993); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

                                                                  s/William M. Catoe
                                                                  United States Magistrate Judge

February 16, 2007
Greenville, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).