IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Muhammed Arkey LaSane,  ) | |
| ) | Civil Action No. 6:07-0244-RBH-WMC |
| Plaintiff,  ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs.  ) | |
| ) | |
| A. Lane Cribb,  ) | |
| ) | |
| Defendant.  ) | |
| ) | |

This matter is before the court on the defendant's motions to dismiss. In his complaint, the plaintiff, a pretrial detainee proceeding *pro se,* alleges that the conditions of confinement at the Georgetown County Detention Center violated his constitutional rights. The one remaining defendant is A. Lane Cribb, the Sheriff of Georgetown County.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

The defendant filed two motions to dismiss on March 16, 2007. By order filed March 20, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On April 26, 2007, the plaintiff filed a response to the motions.

The plaintiff alleges that the Georgetown County Detention Center did not have air conditioning for some time during July 2006. In particular, he alleges that on July 14, 2006, the "Sheriff's" ordered that the water be turned off to the cells and that the correctional officers "locked him and the other detainees down" in cells with only the flaps

opened for air. He alleges that he told the "Sheriff's" that he needed the cell door opened for the night or he would pass out but that the "Sheriff's" refused. He alleges that he "started to throw up," did pass out, and his cell mate later told him that the plaintiff stopped breathing. The plaintiff alleges that as a result of the incident he is mentally unstable. He seeks money damages of $75,000.

## APPLICABLE LAW AND ANALYSIS

This court is required to construe *pro se* complaints and petitions liberally. Such *pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

The defendant argues in his first motion to dismiss that the plaintiff has failed to exhaust his administrative remedies. The Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court examined the scope and impact of § 1997e(a) in two relatively recent cases. In *Booth v. Churner*, 532 U.S. 731, 741 (2001), the Supreme Court concluded that Congress mandated, through its amendment of § 1997e(a), exhaustion of all available administrative remedies by inmates before they could file suit with respect to prison conditions under 42 U.S.C. § 1983. In *Porter v. Nussle*, 534 U.S. 516, 532 (2002), the Court again examined the administrative exhaustion requirement established by § 1997e(a), and it concluded that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."

However, once the full period for prison responses has run without the issuance of any response, it is generally held that the inmate has substantially complied with the § 1997e exhaustion requirement. *See, e.g.*, *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 996 (6th Cir. 2004) ("Following the lead of the . . . other circuits that have considered this issue, we conclude that administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032(10th Cir. 2002) ("agree[ing with other circuits] that the failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable"); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (stating that prison's failure timely to respond renders administrative remedies unavailable); *Foulk v. Charrier*, 262 F.3d 687, 698 (8th Cir. 2001) (holding that defendants failed to prove

3

non-exhaustion where they presented no evidence to refute plaintiff's contention that he could not pursue grievance further after warden did not respond to his grievance); and *Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir. 1998) (holding that "available administrative remedies are exhausted when the time limits for the prison's response set forth in the prison Grievance Procedures have expired").

In this case, it is undisputed that the plaintiff filed a grievance in the Georgetown Detention Center on July 17, 2006. It appears from the plaintiff's response to the motion to dismiss, which was filed on April 26, 2007, that he has not yet received a response to that grievance. Based upon the foregoing, as the plaintiff has not received a response to his grievance, which had been pending for six months at the time he filed his complaint, this court recommends that the defendant's motion to dismiss on this basis be denied.

The defendant argues in his second motion to dismiss that the plaintiff has failed to state a claim against Sheriff Cribb. To the extent that the plaintiff has sued the Sheriff in his official capacity, the motion to dismiss should be granted. Section 1983 lawsuits in federal court against South Carolina sheriffs in their official capacities are barred by Eleventh Amendment immunity because the lawsuit is, in reality, against the State of South Carolina. *See Cone v. Nettles*, 417 S.E.2d 523, 524-25 (S.C. 1992); *McConnell v. Adams*, 829 F.2d 1319, 1328-29 (4th Cir. 1987). As noted above, the plaintiff seeks monetary damages in this case. As no statutory waiver of immunity exists, the claims against defendant Cribb in his official capacity should be dismissed. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66 (1989).

The defendant further argues that the plaintiff does not allege how Sheriff Cribb was involved in the alleged incident, and thus the complaint fails to state a claim against him. The Fourth Circuit Court of Appeals had held that *pro se* pleadings "must" be held to "less stringent standards than pleadings drafted by attorneys and must [be] read . . .

liberally." *White v. White*, 886 F.2d 721, 722-23 (4th Cir.1989). Applying this liberal standard to the plaintiff's complaint, the plaintiff alleges that on July 14th, "the Sheriff's" ordered that the water be turned off to the cells and that the correctional officers locked him down, along with the other detainees, with only the flaps opened for air. As the plaintiff has alleged conduct by the Sheriff that could rise to the level of deliberate denial of a basic human need, the claims against the Sheriff in his individual capacity should not be dismissed at this time.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the defendant's motion to dismiss for failure to exhaust administrative remedies (doc. 11) be denied and that the defendant's motion to dismiss for failure to state a claim (doc. 9) be granted in part and denied in part as set forth above. The defendant's requests for attorneys fees should be denied. Any other pending nondispositive motions will be held in abeyance pending the district court's disposition of the motion for summary judgment. Should the district judge adopt this court's recommendation, these motions will be rendered moot.

s/William M. Catoe
United States Magistrate Judge

July 26, 2007

Greenville, South Carolina